UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MITHAQ AL HUMRANI,

       Plaintiff,

v.

RUDOLPH KLEEMAN,

       Defendant.
_____/

File No. 2:05-CV-203

HON. ROBERT HOLMES BELL

**MEMORANDUM OPINION AND ORDER ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On February 27, 2008, United States Magistrate Judge Timothy P. Greeley issued a report and recommendation ("R&R") recommending that Defendant Rudolph Kleeman's motion to dismiss and/or for summary judgment be denied. The R&R was duly served on the parties. Defendant filed objections to the R&R on March 12, 2008.

This Court is required to make a de novo determination of those portions of the R&R to which objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Defendant has raised three objections to the R&R. Defendant's first two objections arise from his assertion that the alleged incidents on October 23, 2004, November 24, 2004, and April 23, 2005, where Plaintiff has alleged only that Kleeman used racial epithets, did

not involve any violation of constitutional magnitude. Defendant contends that he is accordingly entitled to summary judgment or to qualified immunity for the events on these three days. Defendant has clarified that these objections do not relate to Plaintiff's claim that he intentionally coughed on Plaintiff's food before serving it to him on May 18, 2005.

Defendant is correct in his assertion that the use of a racial epithet, standing alone, is not sufficient to state a constitutional equal protection violation. *See*, *e.g.*, *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws."); *Williams v. Bramer*, 180 F.3d 699, 706 (5th Cir. 1999) ("[A]n officer's use of a racial epithet, without harassment or some other conduct that deprives the victim of established rights, does not amount to an equal protection violation."); *Abuhouran v. Acker*, No. 04-2265, 2007 WL 603045, at *4 (E.D. Pa. Feb. 22, 2007) ("Although derogatory language in reference to plaintiff's race or ethnicity is strong evidence that the conduct in question is racially or ethnically motivated, it alone cannot support an equal protection claim.").

Although racially derogatory language alone is not sufficient to make out an equal protection claim, the use of such language is not without legal significance: "Such language is strong evidence of racial animus, an essential element of any equal protection claim. Thus, although the use of racially derogatory language, by itself, does not violate the Constitution, it can be quite important evidence of a constitutional violation." *DeWalt*, 224

F.3d at 612 n.3 (citations omitted). *See also Abuhouran*, 2007 WL 603045, at *4 ("[D]erogatory language in reference to plaintiff's race or ethnicity is strong evidence that the conduct in question is racially or ethnically motivated. . . ."). In fact, a prisoner is generally required to show "racially or ethnically derogatory language coupled with harassment or some other specific conduct in order to establish an equal protection claim." *Abuhouran*, 2007 WL 603045, at *4.

Plaintiff's complaint alleges a single claim under the Equal Protection Clause. Plaintiff's allegations regarding the incidents on October 23, 2004, November 24, 2004, and April 23, 2005, are part and parcel of this single equal protection claim. They are not separate claims that are subject to being ruled on individually. Accordingly, Defendant's suggestion that he is entitled to summary judgment and/or qualified immunity for the complaint incidents involving only verbal epithets is without merit.

Defendant's third contention is that he is entitled to summary judgment because Plaintiff has neither alleged nor shown any physical injury during the time period covered by the complaint. According to Defendant, the only physical injury Plaintiff has alleged are suicide attempts, and Plaintiff's medical records indicate that none of his suicide attempts occurred during the time period covered by the complaint.

A prisoner may not bring an action for mental or emotional injury "without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The lack of physical injury was not addressed in the R&R. Defendant noted in his brief in support of his motion for summary

3

judgment that Plaintiff had not attempted suicide from the time he came into contact with Defendant until he filed his complaint. (Dkt. No. 103, Def.'s Br. in Supp. 2-3). However, neither suicide, the lack of physical injury, nor 42 U.S.C. § 1997e(e) was referenced in Defendant's statement of the issues presented or analyzed in the body of Defendant's brief. Plaintiff was not fairly put on notice of this issue and this issue was not fairly presented to the Magistrate Judge. "While the Magistrate Judge Act, 28 U.S.C. § 631 et seq., permits de novo review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n. 1 (6th Cir. 2000) (citing *United States v. Waters*, 158 F.3d 933, 936 (6th Cir.1998)). *See also Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996) ("[I]ssues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived.")). Because Defendant failed to raise this argument before the Magistrate Judge, he will be deemed to have waived this argument as a basis for summary judgment. Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of the Magistrate Judge (Dkt. No. 106) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss and/or for summary judgment (Dkt. No. 102) is **DENIED**.

Date:   March 20, 2008           /s/ Robert Holmes Bell
                                 ROBERT HOLMES BELL
                                 CHIEF UNITED STATES DISTRICT JUDGE