UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MITHAQ AL HUMRANI,

       Plaintiff,

v.

RUDOLPH KLEEMAN,

       Defendant.
                               /

File No. 2:05-CV-203

HON. ROBERT HOLMES BELL

## MEMORANDUM OPINION AND ORDER RE MOTION IN LIMINE

This matter is before the Court on Defendant Rudolph Kleeman's motion in limine. Kleeman requests the Court to preclude Plaintiff Mithaq Al Humrani from introducing evidence relating to incidents of verbal harassment by Defendant that allegedly occurred after the filing of Plaintiff's complaint on August 23, 2005. Defendant also requests the Court to preclude Plaintiff from introducing evidence relating to Defendant's alleged destruction of Plaintiff's legal and personal items.

**A. Post-Complaint Evidence**

Defendant contends that evidence of matters that occurred after the filing of the complaint are irrelevant, or, alternatively, even if they are relevant, their probative value is substantially outweighed by the dangers of unfair prejudice, confusion of the issues, and misleading the jury. Defendant also notes that this Court previously denied Plaintiff's

motion to amend his complaint to add instances of racially insensitive remarks by Defendant that occurred after August 23, 2005. (Dkt. No. 101.)

Plaintiff contends that he and Defendant had no contact for some period of time, but when they were placed again in the same unit Defendant resumed his racial discrimination and harassment of Plaintiff. Plaintiff contends that evidence of Defendant's post-complaint conduct is relevant to Defendant's intent in discriminating and harassing Plaintiff.

District courts are required to admit all relevant evidence unless such evidence is otherwise inadmissible. *Churchwell v. Bluegrass Marine, Inc.*, 444 F.3d 898, 905 (6th Cir. 2006) (citing Fed. R. Evid. 402). "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The standard of relevancy is liberal. *Churchwell*, 444 F.3d at 905.

Evidence that Defendant continued to refer to Plaintiff in racially derogatory terms and to harass Plaintiff after Plaintiff filed his complaint is relevant to the issue of whether Defendant intentionally discriminated against Plaintiff because of his membership in a protected class. Relevant evidence may be excluded if its probative value is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403. Defendant contends that it would be unfairly prejudicial for the jury to hear about conduct that occurred some two or more years after the filing of Plaintiff's complaint because the jury might draw an unfair inference about what happened prior to August 23, 2005, based on events that occurred much later in time.

The Court is not persuaded that the danger of unfair prejudice substantially outweighs the probative value of the post-complaint evidence. Moreover any danger can be minimized by instructions concerning the limited purpose of the evidence and limiting damages to the period covered by the complaint. Defendant's motion for a blanket ruling prohibiting Plaintiff from referencing events that took place after August 23, 2005, will accordingly be denied.

**B. Destruction of Property**

Defendant also requests an order precluding Plaintiff from introducing evidence that Defendant destroyed Plaintiff's personal belongings during a shakedown of Plaintiff's cell on May 2, 2005. In support of this request Defendant notes that the Court previously entered summary judgment in Defendant's favor on Plaintiff's retaliation claim because Plaintiff failed to rebut Defendant's evidence that he did not conduct a shakedown of Plaintiff's cell on the date claimed by Plaintiff. (Dkt. No. 17, R&R 5.)

Plaintiff contends that he should be allowed to present evidence of Defendant's May 2, 2005, destruction of his property because his allegations were dismissed for not constituting a First Amendment retaliation claim, and were not dismissed as to Plaintiff's Equal Protection claim.

Defendant was granted summary judgment on Plaintiff's First Amendment retaliation claim based upon Plaintiff's failure to establish sufficient facts to show that Defendant took adverse action against him. (*Id.* at 4.) Specifically, Defendant came forward with evidence that he did not conduct a shakedown of Plaintiff's cell on May 2, 2005, and Plaintiff made

3

no showing of evidence to the contrary. (*Id.* at 5.) It is too late for Plaintiff to now suggest that he has sufficient evidence that Defendant was involved in a shakedown of Plaintiff's cell on May 2, 2005, for purposes of Plaintiff's Equal Protection claim. The time for challenging Defendant's factual evidence was in response to Defendant's summary judgment motion or in an objection to the R&R. Plaintiff failed to do so. Defendant's destruction of Plaintiff's property during a May 2, 2005, shakedown of Plaintiff's cell is no longer a fact in issue in this case. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion in limine (Dkt. No. 118) is **GRANTED IN PART and DENIED IN PART** as follows: the motion is granted as to evidence that Defendant destroyed Plaintiff's property during a shakedown of Plaintiff's cell on May 2, 2005, and the motion is denied as to evidence of discriminatory conduct that occurred after Plaintiff filed his complaint.

**IT IS FURTHER ORDERED** that Plaintiff is **PRECLUDED** from introducing evidence that Defendant destroyed Plaintiff's property during a shakedown of Plaintiff's cell on May 2, 2005.

Date:   March 21, 2008            /s/ Robert Holmes Bell
                                  ROBERT HOLMES BELL
                                  CHIEF UNITED STATES DISTRICT JUDGE